# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD W. DOBBS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-06-037-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Donald Dobbs requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g).  This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted].  The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  The court may not reweigh the evidence nor substitute its discretion for that of the agency.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  *See id*. §§ 404.1521, 416.921.  If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work.  If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on October 11, 1962, and was 42 years old at the time of the administrative hearing. He has a high school education plus some college and previously worked as a welder, assistant manager (fast food), general maintenance, custodial maintenance, and salesman. The claimant alleges he has been unable to work since September 11, 2000, because of thoracic nerve palsy, right shoulder adhesive capsulitis, and carpal tunnel syndrome (right sided).

## Procedural History

On June 24, 2003, the claimant filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq.*) and an application for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq.*). Both applications were denied. After a hearing on April 28, 2005, ALJ Kim Parrish found that the claimant was not disabled in a decision dated December 13, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to lift and/or carry ten pounds occasionally and stand and/or walk as necessary in an eight-hour workday. The claimant had

further restrictions of no overhead reaching with the right arm, no handling with the right hand, and no right-handed fingering (Tr. 17, 19). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economies he could perform, *e.g.*, purchasing clerk and personnel scheduler (Tr. 18).

**Review**

The claimant contends that the ALJ erred: (i) by relying on vocational testimony that was incompetent; and, (ii) by improperly analyzing his credibility. The Court finds the claimant's second contention persuasive.

The record reveals that the claimant had severe impairments affecting his right shoulder and right hand. He had thoracic nerve palsy with winging of the scapula, right shoulder adhesive capsulitis, mild reflex sympathetic dystrophy of the right upper extremity, and post-operative right carpal tunnel and cubital tunnel releases with mild residual ulnar neuritis (Tr. 149-50). At the administrative hearing, the claimant testified that he stopped working after he separated his right shoulder in five places (Tr. 247). He had undergone two shoulder surgeries and carpal tunnel surgery (Tr. 247-48). The claimant testified that his current problems with his shoulder included the ball socket dislocating, numbness from the hand to the shoulder blade, and pain radiating to his arm and traveling to his fingertips and sometimes up to his neck (Tr. 248-50). He indicated his pain was constant and numbness and muscle spasms occurred everyday (Tr. 249-50, 251). The claimant could not pick up objects with his right hand and instead used his left. Although he was right-hand dominant,

he could write for short periods of time until his hand went numb (Tr. 248, 251). He took prescription pain medication, used an electrical stimulator on his shoulder area at least three times per day, and wore a sling three or four times per week for varying amounts of time (Tr. 252-53, 258). According to the claimant, he could stand for an hour, sit for 45 minutes, and walk an eighth of a mile. He could do no lifting with his right hand but had no restrictions on the use of his left hand for lifting (Tr. 255-56). The claimant had problems sleeping and concentrating because of his pain (Tr. 257). He testified he tried to help around the house and take the kids to school. His wife helped him with buttoning buttons and tying his shoes, but he could put on his own socks (Tr. 257-58).

In his analysis of the claimant's credibility, the ALJ initially listed some factors to consider, *e. g.*, pain resulting in physical changes such as premature aging, weight loss, impaired gait and weakness in the extremities, progressive physical deterioration, and atrophy of associated musculature, but concluded that none of these factors were present to a significant degree. With regard to the evidence, the ALJ specifically mentioned only: (i) that the claimant attempted to assist with household chores and in taking his children to school; and, (ii) that the claimant suffered muscle spasms in his shoulder during the hearing (which the ALJ found were accounted for in the claimant's RFC). The ALJ concluded with the following:

> [A]fter carefully considering all relevant evidence, including, but not limited to, the claimant's complaints as stated by the claimant and as reflected in the medical record, current medications, daily activities, medical opinions and reports and the claimant's appearance and actions, the [ALJ] concludes at no time relevant to this decision has the claimant's pain been of such intensity,

> frequency and duration as to be disabling within the meaning of the Social Security Act . . . The [ALJ] further concludes the claimant's assertions of disabling pain are not deemed sufficiently credible to support a finding that pain prevents the claimant from engaging in substantial gainful activity at the sedentary level of exertion.

(Tr. 17).

The claimant contends that the ALJ erred in his credibility analysis by failing to make specific findings and linking them to the evidence. Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence taken as a whole. *Casias,* 933 F.2d at 801. But the ALJ's credibility findings must be closely and affirmatively linked to the evidence and may not be just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4. It is clear that the ALJ's determination as to the claimant's credibility failed to meet these standards.

Although the ALJ specifically mentioned some of the claimant's daily activities, these alone do not support a finding that the claimant was not credible. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. The 'sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'"), *quoting Frey v. Bowen*, 816 F.2d 508, 516-17 (10th Cir. 1987). Further, although the ALJ specifically mentioned the claimant's muscle

spasms, this was only one of many subjective complaints the claimant testified to at the hearing. The ALJ did not otherwise explain the specific evidence on which he relied, and he therefore failed to "closely and affirmatively link" his conclusions to the evidence in the record. *See Hardman*, 362 F.3d 679 ("[B]oilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *quoting Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) and *Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.").

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman*, his determination as to the claimant's credibility is not supported by substantial evidence. The decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for a proper analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). If on remand the ALJ determines that the claimant's pain results in further functional limitations, he must include those limitations in the claimant's RFC and then determine what work, if any, the claimant can perform and ultimately whether he is disabled.

**Conclusion**

For the reasons set forth above, the ruling of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further findings consistent with this Opinion and Order.

**DATED** this 15th day of March, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**