# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD W. DOBBS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-037-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying him benefits under the Social Security Act. His attorney sought an award of costs in the amount of $250.00 and attorneys' fees in the amount of $4,094.10 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The Commissioner objected to the attorney's Petition for Attorney Fees Pursuant to the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 13] to the extent it was not made by the Plaintiff himself and to the extent it requested a court order requiring payment directly to the Plaintiff's attorney. The Court elected to treat the attorney's petition as made on behalf of the Plaintiff himself, *see* Docket No. 19, and the Commissioner indicated he had no objection to the award of costs in the amount of $250.00 and attorneys' fees in the amount of $4,094.10 to the Plaintiff as the prevailing party under the EAJA. *See* Docket No. 20. The Court now finds that the petition should be granted insofar as it seeks an award of costs and attorneys' fees to the Plaintiff as the prevailing party under the EAJA,

but denied insofar as its seeks a court order requiring payment directly to the Plaintiff's attorney.

The Court has previously addressed these issues and concluded that costs and attorneys' fees under the EAJA must be awarded to the *prevailing party* and that it was inappropriate to order them paid directly to the plaintiff's attorney. *See Manning v. Barnhart*, No. CIV-04-021-SPS (E.D. Okla. July 1, 2005), *appeal docketed*, No. 06-7127 (10th Cir. Dec. 29, 2006); *McCormick v. Astrue*, No. CIV-04-221-SPS (E.D. Okla. April 24, 2007). *See also Ellis v. Barnhart*, No. CIV-05-223-JHP-KEW (E.D. Okla. Mar. 6, 2007); *Roberts v. Astrue*, No. CIV-06-050-KEW (E.D. Okla. April 26, 2007); and *Creacy v. Astrue*, No. CIV-05-169-FHS (E.D. Okla. June 4, 2007). *But see McKee v. Astrue*, No. CIV-05-359-RAW (E.D. Okla. June 13, 2007); *Sanders v. Barnhart*, No. CIV-05-005-RAW (E.D. Okla. June 13, 2007). The Court reached these conclusions based in large part upon the clear language of the EAJA itself. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action (other than cases sounding in tort)[.]") [emphasis added].[1]

---

[1] There would seem to be no reasonable dispute over who owns the claim for costs and attorneys' fees under the EAJA; that is clearly the claimant as the prevailing party, not his attorney. *See, e. g., Venegas v. Mitchell,* 495 U.S. 82, 87 (1990) ("Section 1988 makes *the prevailing party* eligible for a discretionary award of attorney's fees . . .[*I*]*t is the party, rather than the lawyer, who is so eligible*.") [emphasis added]; *Evans v. Jeff D.,* 475 U.S. 717, 730-32 (1986) ("[T]he language of the [Civil Rights Attorneys Fees Awards] Act, as well as its legislative history, indicates that Congress bestowed on the 'prevailing party' (generally plaintiffs) a statutory eligibility for a

The Court did, however, acknowledge authority from other circuits that it is not inappropriate to order EAJA fees paid directly to the prevailing party's attorney. *See, e. g., Lowrance v. Hacker,* 966 F.2d 1153, 1156 (7th Cir. 1992). For this reason, the Court placed substantial reliance on the distinction drawn by the Tenth Circuit in *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006), that "an EAJA award is to the claimant, while counsel receives an SSA award." *Id*. at 497. The Plaintiff argues such reliance is misplaced because the quoted language in *McGraw* is dicta, and would have the Court rely instead on *Weakley*

---

discretionary award of attorney's fees in specified civil rights actions . . . [*I*]*t neither bestowed fee awards upon attorneys* nor rendered them nonwaivable or nonnegotiable[.]") [emphasis added]. Although *Venegas* and *Evans* address Section 1988 of the Civil Rights Act rather than the EAJA, both are fee-shifting statutes which contemplate an award to "the prevailing party" and should therefore be construed consistently. *See, e. g., Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 758 n.2 (1989) ("[F]ee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike."), *quoting Northcross v. Memphis Board of Education,* 412 U.S. 427, 428 (1973); *Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7 (1983) (interpretation of "prevailing party" as used in Section 1988 is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"). Further, while some courts have distinguished between the prevailing party's right to *request* a fee under a fee-shifting statute and the attorney's right to *receive* it once it has been requested, *see, e. g., United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.,* 89 F.3d 574, 578 (9th Cir. 1996), *cert. denied sub nom. United States ex rel. Virani v. Hall & Phillips,* 519 U.S. 1109 (1997) ("Similarly, in this area only the plaintiff has the power to demand that the defendant pay the fees of the plaintiff's attorney. Unless and until the plaintiff exercises that power, no one has the right to collect fees from the defendant, and the defendant has no duty to pay them. Once the power is exercised, however, the attorneys' right vests, and the defendant's duty becomes fixed.") [footnote omitted], the Court finds such a distinction unwarranted given the clear language of the EAJA. *See, e. g., Phillips v. General Services Administration,* 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the statute requires, any fee award is made to the 'prevailing party,' not the attorney. Thus, Phillips' attorney could not directly claim *or be entitled to* the award.") [emphasis added]. *See also United States ex rel. John Doe I v. Pennsylvania Blue Shield,* 54 F. Supp. 2d 410, 421 (M.D. Pa. 1999) ("[*Virani*] recites a great deal about the purpose of fee shifting, what party (relators or their counsel) actually have standing to determine what will be done with the fees, etc., all of which makes for an interesting academic exercise. Not only is *Virani* not binding on this court, it is not persuasive. The plain language of § 3730(d)(1) requires that the court order defendant to pay reasonable attorney's fees to relators, and that is what will occur.").

-3-

*v. Bowen*, 803 F.2d 575 (10th Cir. 1986), which states as follows: "[A]ppellant's *attorney* should be awarded a total of $5,173.75 pursuant to EAJA." *Id.* at 580 [emphasis added].

It is undoubtedly true that *McGraw* was not about whether EAJA fees may be paid directly to a prevailing party's attorney. But for that matter, neither was *Weakley*; the issue there was simply which award the plaintiff's attorney was entitled to keep, *i. e.*, the EAJA award went to the attorney because it was greater than the fee calculated on a percentage of the claimant's past-due benefits under Section 206(b) of the Social Security Act. *Id*. at 580. Furthermore, the EAJA is itself silent on whether it is appropriate to order the prevailing party's fees and costs paid directly to the prevailing party's attorney; although the Plaintiff argues that the EAJA's uncodified Savings Provision authorizes direct payment, the language there merely echoes (indeed, it provides the basis for) *Weakley's* prohibition against double recovery. *See* Act of August 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186 ("[W]here the claimant's attorney receives fees for the same work under both Section 206(b) of [the Social Security] Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee."); *Weakley,* 803 F.2d at 580 ("To prevent double payment of fees for the same work under both statutes, however, Congress directed that the smaller amount be given to the client, since the Social Security Act fee award reduces the client's recovery of past due benefits.") [citation omitted].

It is likewise true that both *Weakley* and the EAJA Savings Provision reflect an understanding of the typical arrangement between social security claimant and attorney, *i.e.*, a contingent fee agreement under which the attorney will get paid only if the claimant is

awarded fees under the EAJA and/or benefits under the Social Security Act.[2]  But the EAJA applies not only to social security appeals but also to a variety of other legal disputes, many of which do not lend themselves to contingent fee agreements, *i. e.*, cases in which the prevailing party has fully paid his attorney.  In such circumstances it would be clearly inappropriate to order EAJA fees paid directly to the prevailing party's attorney.  Further, it is unlikely Congress intended for the EAJA to be interpreted differently for social security appeals than for other cases, but even if it did, the Savings Provision specifically provides for the appropriate interplay between the EAJA and Section 206(b) of the Social Security Act.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"), *quoting* Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186.  Consequently, the Court finds no authority in the EAJA (or for that matter, in *Weakley* or *McGraw*) for ordering direct payment of EAJA fees to a prevailing party's attorney.

---

[2] It has been argued elsewhere that attorneys' fees under the EAJA should be awarded directly to the prevailing party's attorney because of the contractual relationship between claimant and attorney, *i. e.*, in accordance with the terms of a contingent fee agreement assigning to counsel any EAJA fee awarded to the claimant.  The Plaintiff does not make this argument but *does* find support in the Commissioner's erstwhile practice of paying EAJA awards by direct deposit to the account of the claimant's attorney.  But whether by contract or as a matter of practice, an attorney's receipt of EAJA fees awarded to a prevailing party is clearly not addressed by the EAJA itself.  *Cf. Pennsylvania Blue Shield,* 54 F. Supp.2d at 421 ("The plain language of § 3730(d)(1) requires that the court order defendant to pay reasonable attorney's fees to relators, and that is what will occur.  That the court should concern itself with the final recipient of the funds is not a matter addressed by the statute.").  It is therefore none of the Court's business if, for example, the parties have agreed that any EAJA fees (regardless to whom they are awarded) may be delivered to the attorney.

The Plaintiff also argues that attorneys' fees under EAJA should be directly paid to his attorney because such fees may not be awarded to *pro se* claimants. *See, e. g., Demarest v. Manspeaker*, 948 F.2d 655 (10th Cir. 1991). This argument borders on the frivolous, as *Demarest* stands simply for the unremarkable proposition that one must have retained an attorney in order to recover attorneys' fees. *Id.* at 656 ("The language of the statute indicates that Congress intended for *pro se* litigants to have retained an attorney in order to recover fees under the statute. Moreover, the legislative history supports limiting the award of attorney fees to litigants who have retained an attorney.") [citations omitted]. *See also Kay v. Ehrler,* 499 U.S. 434, 435-36 (1991) ("[T]he word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under [42 U.S.C.] § 1988.") [footnotes omitted].

The Plaintiff's remaining argument finally gets to the heart of the matter: if the Court does not order the direct payment of the EAJA fees to the Plaintiff's attorney, the government may offset them against any debts the Plaintiff owes the United States. *See generally* 31 U.S.C. § 3716(c)(1)(A) (the Debt Collection Improvement Act of 1996). Although this has not yet happened, offsets have been applied by the government in other cases and the Plaintiff's concern is clearly justified. *See, e. g., United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.,* 89 F.3d 574, 579 (9th Cir. 1996), *cert. denied sub nom. United States ex rel. Virani v. Hall & Phillips,* 519 U.S. 1109 (1997) ("The work was done by and the fees are for the plaintiff's attorney. They must be directed to the attorney. Were the rule otherwise, plaintiffs would obtain possession of fee awards, and

attorneys would be left to attempt to obtain the money paid for their services as best they could. Left to the normal vicissitudes of life, substantial sums would be diverted from their intended purpose. Actions of the client or of the client's creditors (or heirs) would often intervene. That would not only thwart the Congressional purpose but would also make no sense at all and would lead to unconscionable results."). But the Court has previously declined the invitation to avoid such offsets by ordering the direct payment of EAJA fees to a prevailing party's attorney, reasoning it would be inappropriate to summarily decide issues not properly before the Court: (i) whether the United States may legally assert an offset against the claimant's EAJA fees under the Debt Collection Improvement Act; (ii) whether the claimant's attorney has an enforceable lien on the EAJA fee award arising out of his contract with the claimant, *see, e. g., State ex rel. Oklahoma Bar Ass'n v. Cummings,* 1993 OK 127, ¶ 12, 863 P.2d 1164, 1168-69 ("Oklahoma law recognizes two types of liens by which a lawyer may secure payment for services: (1) a statutory charging lien [under 5 Okla. Stat. § 6] and (2) a common-law general possessory or retaining lien.") [footnotes omitted]; and, (iii) whether an attorney's lien (or any other contractual right counsel may assert) has priority over the government's right of offset. *See, e. g., Manning v. Barnhart*, No. CIV-04-021-SPS (E.D. Okla. Oct. 27, 2006), *appeal docketed*, No. 06-7127 (10th Cir. Dec. 29, 2006), and *McCormick v. Astrue*, No. CIV-04-221-SPS (E.D. Okla. April 24, 2007). The Plaintiff has not persuaded the Court to do otherwise here.[3]

---

[3] It is worth noting that no one has asked the Court to order EAJA costs and fees paid directly to the Plaintiff. Nor for that matter does the EAJA require this; the language of the statute addresses itself only to the party to whom such and costs fees may be awarded.

Accordingly, the Petition for Attorney Fees Pursuant to the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 13] is hereby GRANTED to the extent it seeks an award of costs and attorneys' fees to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded costs in the amount of $250.00 and attorneys' fees in the amount of $4,094.10. The Petition for Attorney Fees Pursuant to the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 13] is hereby DENIED to the extent it seeks an order of the Court directing payment of said costs and attorneys' fees directly to the Plaintiff's attorney.

**IT IS SO ORDERED** this 22nd day of June, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**